ORIGINAL

EDWARD H. KUBO, JR.   #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON   #4532
Chief, Major Crimes

TRACY A. HINO   #3202
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Tracy.Hino@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 28 2008

at____o'clock and____m.____M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 08-00229 |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| vs. | ) | |
| | ) | |
| TENRYOAN, INC., | ) | DATE:  April 28, 2008 |
| | ) | TIME:  2:15 p.m. |
| Defendant. | ) | JUDGE: Barry M. Kurren |
| | ) | U.S. Magistrate |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

MEMORANDUM OF PLEA AGREEMENT

    Pursuant to Rule 11 of the Federal Rules of Criminal

Procedure, the UNITED STATES OF AMERICA, by its attorney, the

United States Attorney for the District of Hawaii, and the

Defendant, TENRYOAN, INC., a Hawaii corporation, ("Defendant") by

and through its President, Yuko Fujita (hereafter "Ms. Fujita") and her attorney, Paul Wong, Esq., have agreed upon following:

1.    Ms. Fujita acknowledges that the Defendant has been charged in the Information as follows: Engaging In A Pattern And Practice Of Hiring Unauthorized Aliens To Work In The United States, in violation of 1324a(a)(1)(A) & 1324a(f)(1).

2.    Ms. Fujita has read the charge against the Defendant in the Information, and the charge has been fully explained to her by her attorney.

3.    Ms. Fujita fully understands the nature and elements of the crime with which the Defendant has been charged.

4.    Ms. Fujita will enter a voluntary plea of guilty to the Information on behalf of the Defendant.

In exchange for the Defendant's plea of guilty to the Information (alleging that the Defendant engaged in a pattern and practice of hiring aliens for employment in the United States, knowing that said aliens were unauthorized aliens with respect to such employment because said aliens were not lawfully admitted for permanent residence or otherwise authorized to be employed by the provisions of Title 8, United States Code or the Attorney General of the United States) and based upon information presently known by the United States, the United States agrees not to seek an Indictment against the Defendant and any Officers, Directors, Employees, or Consulatants of the Defendant for any

2

related misdemeanor or felony offenses, including, but not
limited to:

      a.   Alien Harboring-related offenses for private
financial gain and commercial advantage as set forth in 8 U.S.C.
§§ 1324(a)(1)(A)(iii); (iv); (v)(I); (v)(II); and
1324(a)(1)(B)(i);

      b.   Money Laundering-related offenses as set
forth in 18 U.S.C. §§ 1956 and 1957;

      c.   False Statement-related offenses as set forth
in 18 U.S.C. § 1001; and

      d.   Criminal Conspiracy-related offenses as set
forth in 18 U.S.C. § 371.

      Ms. Fujita understands that the Defendant has the right
to be tried by an Information that is not duplicitous, that is,
an Information that charges only one offense in each count. Ms.
Fujuita expressly waives that right on behalf of the Defendant
and agrees to permit the consolidation of multiple offenses into
the single-count contained in the Information.

      5.   Ms. Fujita agrees that this Memorandum of Plea
Agreement shall be filed and become part of the record in this
case.

      6.   Ms. Fujita agrees that that the Defendant enters
this plea because it is in fact guilty as alleged in the

Information.  Ms. Fujita agrees that this plea is voluntary and
not the result of force or threats.

       7.  Ms. Fujuita understands that the penalties for the
offense that the Defendant is pleading guilty to include:

       a.  A term of imprisonment of up to six months
for the entire pattern and practice;

       b.  A fine of up to $3,000.00 for each alien
involved in the entire pattern and practice.

       Ms. Fujita also understands that there is a $25 special
assessment.  Ms. Fujita agrees to pay $25 to the United States
Attorney's Office, to be credited to said special assessment(s),
before the commencement of any portion of sentencing.  Ms. Fujita
acknowledges that failure to make such full advance payment in a
form and manner acceptable to the prosecution will allow, though
not require, the prosecution to withdraw from this Agreement at
its option.

       8.  Ms. Fujita admits the following facts on behalf of
the Defendant and agrees that they are not a detailed recitation,
but merely an outline of what happened in relation to the charge
to which the Defendant is pleading guilty:

       a.  Tenryoan, Inc. ("Tenryoan") is a corporation
organized under the laws of the State of Hawaii on or about
February 16, 2004 and does business as Tenryoan, Inc., a sub-
contractor and vendor, serving prepared food at Shirokiya

Department store at Ala Moana Shopping Center, within the
District of Hawaii.

   b. Between on or about February 16, 2004 to and
including March 2008, Tenryoan engaged in a pattern and practice
of intentionally and knowingly hiring aliens not authorized to
work in the United States as employees, to wit: G.L. (a citizen
of the Philippines); M.S. (a citizen of Japan); and R.B. (a
citizen of Nicaragua) because each alien was not lawfully
admitted for permanent residence or otherwise authorized to be
employed by the provisions of Title 8, United States Code or the
Attorney General of the United States or his successor the
Secretary for Homeland Security.

   c. When hiring these employees, Tenryoan did not
comply with federal employment regulations requiring that
employers verify through INS Form I-9 that prospective employees
are lawfully entitled to work in the United States.  INS Form I-9
requires employees to certify under oath that they are eligible
to work in the United States based upon either citizenship,
permanent residence, or special visa.  INS Form I-9 also requires
employers to certify under oath that they have exercised
diligence in verifying that their employees are eligible to work
in the United States.

   d. After hiring these employees, Tenryoan did
not document them on company records as employees.  Further,
Tenryoan paid these employees from a business operating account

5

rather than from the business payroll account used to pay their lawfully hired employees.

e.   Tenryoan did not provide these employees with sick leave, vacation leave, and medical benefits.

f.   Tenryoan did not report the wages paid to these employees to the Internal Revenue Service.

g.   Tenryoan failed to initially disclose these employees to ICE investigators conducting an administrative work site audit.

9.   Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the Defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.   This Agreement to plead guilty to the offense alleged in the Information reflects the essence of the Defendant's conduct, to wit: a pattern and practice of knowingly hiring and employing aliens not authorized to work in the United States.

10.   Pursuant to CrimLR 32.1(b) of the Local Rules of the United States District Court for the District of Hawaii, the parties stipulate to the following for the purpose of the sentencing of the Defendant in connection with this matter:

a.   Factual Stipulations:

6

The Defendant and the United States agree that the facts presented in paragraph 8 of this Agreement shall be stipulated to for the purposes of this Agreement and sentencing.

      b.    Guideline Stipulations:

         1.    The United States Sentencing Guidelines do not apply to this petty misdemeanor offense pursuant to U.S.S.G. § 1B1.9.

      c.    Sentencing Stipulations:

      The parties agree to the following:

1.    Waiver of the Presentence Report.

2.    A sentence of no probation, a fine of $3,000 per alien for a total of $9,000 due immediately, and a $25 special assessment.

11.    The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

12.    The parties are not aware of any facts that are in dispute for the purpose of sentencing of the Defendant in connection with this matter.

13.    The Defendant is aware that it has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a).  The Defendant knowingly waives the right to appeal.

7

a.   The Defendant also waives its right to challenge its sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the Defendant may make such a challenge based on a claim of ineffective assistance of counsel.

b.   The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

14.   The Defendant understands that the District Court in imposing sentence may, but is not required to consider the provisions of the Sentencing Guidelines.   The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

15.   The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary.   The Defendant understands that the Court will not accept an agreement unless the Court determines that it adequately reflects the seriousness of the actual offense behavior and accepting the

agreement will not undermine the statutory purposes of
sentencing.

      16.   The Defendant understands that by pleading guilty
it surrenders certain rights, including the following:

        a.   If the Defendant persisted in a plea of not
guilty to the charge against it, it would have the right to a
public and speedy trial by a judge sitting without a jury.

        b.   The judge would find the facts and determine,
after hearing all the evidence, whether or not he or she was
persuaded of the Defendant's guilt beyond a reasonable doubt.

        c.   At a trial, the prosecution would be required
to present its witnesses and other evidence against the
Defendant.   The Defendant would be able to confront those
prosecution witnesses and its attorney would be able to
cross-examine them.   In turn, the Defendant could present
witnesses and other evidence on its own behalf.   If the witnesses
for the Defendant would not appear voluntarily, it could require
their attendance through the subpoena power of the Court.

        e.   At a trial, the Defendant would have a
privilege against self-incrimination so that it could decline to
testify, and no inference of guilt could be drawn from its
refusal to testify.

      17.   The Defendant understands that by pleading guilty,
it is waiving all of the rights set forth in the preceding
paragraph.   The Defendant's attorney has explained those rights

to Ms. Fujita on behalf of the Defendant, and the consequences of the waiver of those rights.

18.  The Defendant and its attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce the Defendant to plead guilty.

19.  Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

10

20. The Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the Defendant's conduct regarding the charge against it, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

DATED:   Honolulu, Hawaii, _April 26, 2008_ .

AGREED:


EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

YUKO FUJITA,
President on behalf of
Tenryoan, Inc.
Defendant


RONALD G. JOHNSON
Chief, Major Crimes Section

PAUL WONG, Esq.
Attorney for Defendant


TRACY A. HINO
Assistant U.S. Attorney